**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THE ESTATE OF RUTH BEASLEY MULKEY,                                    PLAINTIFF
DECEASED

v.                                    No. 4:07CV00632 JLH

K-MART CORPORATION                          DEFENDANT/THIRD PARTY PLAINTIFF

v.

INGERSOLL RAND COMPANY, LTD.;
INGERSOLL RAND COMPANY; INGERSOLL
RAND, INC.; DOR-O-MATIC, INC.; DOR-O-MATIC
OF MID-ATLANTIC STATES, INC.; and
JOHN DOE CORPORATIONS 1-5                          THIRD PARTY DEFENDANTS

## OPINION AND ORDER

This action was commenced in the name of the Estate of Ruth Beasley Mulkey in the Circuit

Court of Lonoke County, Arkansas.  K-Mart Corporation removed the case to this Court based on

federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Mulkey's Estate

alleges claims based on negligence, the Americans with Disabilities Act, and the Arkansas Civil

Rights Act.  K-Mart Corporation has moved to dismiss for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6).  In the alternative, K-Mart moves for summary judgment.  For the

following reasons, K-Mart's motion for summary judgment is granted.

## I.

On July 14, 2006, Ruth Beasley Mulkey was injured at the K-Mart store in Cabot, Arkansas,

when the automated doors closed on her as she entered the store.  She was immediately taken to the

hospital and her injuries were treated.  She died on November 25, 2006.  The complaint alleges that

she "never fully recovered" from the injuries she suffered when the doors closed on her.  This action

was commenced in the Circuit Court of Lonoke County, Arkansas by "The Estate of Ruth Beasley Mulkey, Deceased." The complaint did not identify an executor or administrator of the estate. After the action was removed to this Court, the Estate filed an amended complaint but still did not name an executor or administrator as a party to the action. Neither the original nor the amended complaint named any of the heirs as a party to the action.

In its motion to dismiss, K-Mart asserts that no personal representative was ever appointed for the administration of Mulkey's estate, citing an affidavit for collection of a small estate by Luther Beasley and Beasley's state court petition for authority to file suit on behalf of the Estate. In responding to the motion to dismiss, the Estate does not deny that no personal representative was appointed, but points out that a distributee was appointed instead of a personal representative. The Estate's argument is that the appointment of the distributee serves the same purpose as having a personal representative appointed and that the Estate should at least be allowed leave to have a personal representative appointed and amend. K-Mart contends that the petition for authority to file suit on behalf of the Estate was never granted, which the Estate does not deny. Even if it had been granted, K-Mart argues, the distributee seeking authority, Luther Clifton Beasley, Jr., was not named as a party in the complaint and has since passed away. Finally, K-Mart argues that since survival and wrongful death actions are statutory in nature and must be strictly construed, the complaint is a nullity because the proper party did not initiate the action.

## II.

K-Mart has moved either to dismiss or for summary judgment in its favor. When matters outside the pleadings are presented to and not excluded by the Court, a motion to dismiss under Rule 12(b)(6) must be treated as a summary judgment motion under Rule 56. FED. R. CIV. P. 12(d).

"Matters outside the pleadings" include written or oral evidence that substantiates the pleadings without merely reiterating that information. *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003). A court may consider matters outside the pleading where "'the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record.'" *Id.* at 688 (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). Because the Estate responded in opposition to K-Mart's motion, it is clear there has been adequate notice and opportunity to respond. *See Davis v. Johnson Controls, Inc.*, 21 F.3d 866, 867 (8th Cir. 1994). K-Mart attached two exhibits to its motion: an affidavit of Luther Beasley, Jr. for collection of small estate by distributee from Lonoke County Circuit Court and a petition by Beasley to file suit on behalf of the estate. The Court will take this evidence into consideration and will therefore treat K-Mart's motion as one for summary judgment under Rule 56.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). A genuine issue of material fact exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### III.

K-Mart argues that an estate is not an entity with the capacity to sue on behalf of the decedent. Under Arkansas law, one or both of two causes of action may arise when a person's death is caused by the negligence of another. *Meredith v. Buchman*, 101 F. Supp. 2d 764, 766 (E.D. Ark.

3

2000). The survival statute, ARK. CODE ANN. § 16-62-101 (Repl. 2005), creates one cause of action, while the wrongful death statute, ARK. CODE ANN. § 16-62-102 (Repl. 2005), creates another. *Id.* "In a survival action, the administrator asserts the decedent's own cause of action, and only the administrator may bring this cause of action." *First Commercial Bank, N.A., Little Rock, Ark. v. United States*, 727 F. Supp. 1300, 1302 (W.D. Ark. 1990) (citing *Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984)). However, the wrongful death action may be brought by the administrator on behalf of the heirs or by the heirs themselves if there is no administrator. *Id.*

It is undisputed that no administrator has been appointed; thus, no administrator initiated this suit on behalf of the Estate. It is likewise clear from the pleadings that none of the heirs have been named as a party to this action. Therefore, neither a survival nor a wrongful death action has been properly initiated.

The Estate contends that its compliance with the procedure for distribution without administration serves the same purpose as having an administrator appointed. Therefore, the Estate argues, it was harmless error to file a suit without an administrator and the Estate should be allowed to file an amended probate petition to appoint an administrator and amend its complaint. A survival action is created by statute and must be "strictly construed, and nothing may be taken as intended that is not clearly expressed." *St. Paul Mercury Ins. Co. v. Cir. Ct. of Craighead County*, 348 Ark. 197, 204, 73 S.W.3d 584, 588 (2002). When a survival action is not brought by the proper plaintiff, the complaint is a nullity; there is no pleading to amend. *Id.*

The wrongful death action is also a creature of statute and must be narrowly construed. *Williams v. Bradshaw*, 459 F.3d 846, 848 (8th Cir. 2006). It "has been interpreted to mean that only one action can be brought for the death sued upon, and where no personal representative has been

4

appointed, that action must be brought by all of the decedent's heirs at law." *Id.* (citation omitted). When only some or none of the heirs have been made a party to a wrongful death suit, then the complaint "amounts to a nullity" and "cannot serve as the foundation for amendment." *Id.* at 849 (citing *Brewer v. Poole*, 362 Ark. 1, 14-15, 207 S.W.3d 458, 466 (2005)).

Because of the requirement of strict compliance with the survival statute, the amendment of this action without an administrator is not sufficient even if the same purpose would be achieved by the appointment of a distributee. Furthermore, the distributee was not a named plaintiff in any event. Likewise, no administrator and none of the heirs was named as a party to the action, so a valid wrongful death cause of action has not been asserted. Since there is no valid cause of action against K-Mart, K-Mart is entitled to summary judgment on the survival and wrongful death claims.

Finally, K-Mart argues that the Estate cannot make out a valid claim under the Americans with Disabilities Act. K-Mart states that the Estate seeks money damages under the statute, but that the remedy for an individual person suing for discrimination is limited to injunctive relief; money damages are not allowed. *See* 42 U.S.C. § 12188(a); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999). For a private litigant to prove standing to obtain injunctive relief under the ADA, the plaintiff must show risk of future harm. *Jairath v. Dyer*, 154 F.3d 1280, 1283 & n.8 (11th Cir. 1998). Thus, courts have held that an ADA claim for direct discrimination will not survive a plaintiff's death and that a decedent's estate does not have standing to bring suit. *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 401-02 (D.P.R. 2003) (citing *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997); *Blake v. Southcoast Health Sys.*, 145 F. Supp. 2d 126, 134 (D. Mass. 2001)). The Estate did not respond to these arguments, so K-Mart is entitled to summary judgment on the ADA claim.

**CONCLUSION**

For the reasons stated above, K-Mart is entitled to judgment as a matter of law.  K-Mart's

motion for summary judgment is granted.  Document #20.

IT IS SO ORDERED this 13th day of May, 2008.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE